IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK. CHARLESTON. SC
2012 SEP 10 A 9: 11

| | |
|---|---|
| Timothy A. Michael and<br>Melinda V. Michael,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Kiawah Island Real Estate, LLC;<br>Gordon J. Hillock; The Guerry<br>Group, LLC; Joseph H. Guerry; and<br>Lisa G. McCaskill;<br><br>　　　　Defendants. | Civil Action No. 2:11-cv-02709-RMG<br><br>**ORDER** |

This matter comes before the Court on Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56, on the ground that the applicable statute of limitations bars Plaintiffs from pursuing this action. (Dkt. Nos. 45, 45-1). The Court has previously set forth the factual background underlying this dispute. (*See* Dkt. No. 42 at 2-4). Essentially, the Plaintiffs' claims arise from Defendants' alleged failure to prevent them from overpaying for, or Defendants' alleged encouragement of Plaintiffs to overpay for, a house on Kiawah Island, South Carolina, in October 2005.

In November 2011, the Defendants moved to dismiss this action on the statute of limitations ground. (Dkt. Nos. 8, 19). The Court heard oral argument on those motions on April 19, 2012. (Dkt. No. 41, 44). In its subsequent Order, the Court concluded it was "unclear whether the derivation clause [in the deed] was filled out after the closing on October 6, 2005, and it is unclear to the Court what, if any, information Plaintiffs received constructive notice of through the chain of title." (Dkt. No. 42 at 10). In light of the uncertainty, the Court denied the

motions to dismiss without prejudice and ordered discovery. (*Id.*). Defendants have now moved for summary judgment based on the information revealed through discovery. (Dkt. No. 45).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

As the Court has explained, and the parties have agreed, the statute of limitations for the Plaintiffs' claims is three years. (*See* Dkt. No. 42 at 5 & n.5). The statute of limitations begins to run "on the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Holly Woods Ass'n of Residence Owners v. Hiller*, 708 S.E.2d 787, 793 (S.C. Ct. App. 2011) (citation omitted). Thus, the statute of limitations for these claims started to run on the first day that the Plaintiffs knew, or should have known through the exercise of reasonable diligence, that they overpaid for the house. Importantly for this case, under South Carolina real estate law, property purchasers are charged with "constructive notice of instruments recorded in their chain of title," *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 558 S.E.2d 902, 909 (S.C. Ct. App. 2001), as well as "with all knowledge that an investigation by a reasonably cautious and prudent purchaser would have revealed," *Spence v. Spence*, 628 S.E.2d 869, 876 (S.C. 2006).

In their motion for summary judgment, Defendants argue that the Plaintiffs knew, or should have known, that they overpaid for the house no later than January 6, 2006—three months

after the closing on the house, and almost six years before they filed this suit on October 6, 2011. They make two arguments. The Defendants first assert that notice can be imputed to the Plaintiffs at the time of the sale because Plaintiffs' appointed their closing attorneys as their attorneys-in-fact for purposes of receiving and signing closing documents, and those attorneys knew of the price paid a week before by the house's sellers. Alternatively, the Defendants contend that the Plaintiffs received actual notice by January 2006, when they were provided the closing statement and the deed for the house, which showed that the house had been conveyed only a week before and also gave the location of the seller's deed reflecting the substantially lower price the sellers had paid for the house. (Dkt. No. 45-1 at 2).

Plaintiffs respond that there remains a material question of fact as to when they knew, or should have known, of the Defendants' alleged wrongdoing. They argue that they trusted Defendant Hillock to the point that they did not know of any wrongdoing until years after the sale, that there was no constructive notice because the deed for the prior sale was not in the chain of title at the time of purchase, and that notice should not be imputed to them because the nature of the transaction would have precluded their counsel from disclosing the ill-advised nature of the sale. In light of these arguments, they argue this is a jury question and summary judgment should be denied. (Dkt. No. 59).

Viewing the evidence in the light most favorable to the Plaintiffs, there is no factual question about whether the Plaintiffs had notice of the wrongful conduct before or by January 6, 2006. First, the record evidence demonstrates that the Plaintiffs had constructive knowledge of the prior sale at the time of their purchase. The Plaintiffs, who did not attend the closing, appointed counsel to act as their agents in conducting the closing. Counsel viewed the deed and

chain of title, and approved the transaction. (Dkt. No. 45-9). This evidence establishes that the attorney-agents were made aware of the prior sale while acting in the scope of their employment for the Plaintiffs. This knowledge was, as a matter of law, adequate to place the attorney-agents on notice of the prior sale. *See Binkley*, 558 S.E.2d at 909. Further, the knowledge of those agents is imputed to the principals, the Plaintiffs. *See Dorman v. Campbell*, 500 S.E.2d 786, 789 (S.C. Ct. App. 1998) (holding that the closing letter sent to the attorney for a couple purchasing property on Kiawah Island was, under agency principles, sufficient to put the purchasers on notice of a potential problem and to start the statute of limitations clock on their claims against the real estate agent); *see also Faulkner v. Millar*, 460 S.E.2d 378 (holding that notice to an attorney is notice to his client); *Crystal Ice Co. of Columbia, Inc., v. First Colonial Corp.*, 257 S.E.2d 496 (1979) ("It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting in the scope of his employment."). Regardless of whether, as Plaintiffs argue, the attorney-client privilege would normally bar the attorneys from sharing with them confidential information about the prior sale, the attorneys' knowledge gained while acting the Plaintiffs' agents is attributable to the Plaintiffs for purposes of this action against the Defendants.

In addition, the undisputed evidence in the form of a letter from the attorneys to the Plaintiffs (Dkt. No. 45-10) demonstrates that the Plaintiffs had, by January 6, 2006, direct actual knowledge that the house had been bought by four investors only a week before they purchased it. They also were made aware of the location of the deed for that prior sale, which would have displayed the much lower purchase price. Presented with this information, a reasonably cautious and prudent purchaser—particularly a purchaser who had otherwise been so hands-off about the

transaction—would have followed-up on this information, revealing the basis for this claim. *See Spence v. Spence*, 628 S.E.2d 869, 876 (S.C. 2006).

Having concluded that by January 2006 the Plaintiffs knew, or should have known by the exercise of reasonable diligence, that a cause of action might lie, *Holly Woods Ass'n*, 708 S.E.2d at 793, and observing that this action was not filed until October 2011, the Court finds that this action is barred on statute of limitations grounds.

## Conclusion

Based on the above, the Court GRANTS Defendants' motion for summary judgment.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court

Charleston, South Carolina
September 10, 2012